UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| _____ ) | |
| TERRY FABRICANT individually ) | Case No. 18-cv-62566-BB |
| A California resident and on ) | |
| behalf of other similarly situated, ) | |
| ) | |
| Plaintiff, ) | CLASS ACTION |
| ) | |
| v. ) | |
| ) | |
| Mission Capital, LLC. ) | |
| ) | |
| Defendant ) | |
| _____) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENEDED  COMPLAINT**

Defendant Mission Capital, LLC ("Defendant") hereby files its Answer and Affirmative

Defenses (the "Answer") in response to Plaintiffs' Amended Class Action Complaint (the

"Amended Complaint").

**ANSWER TO COMPLAINT**

Answer is given by Defendant in same format of Amended Complaint, including

introductory and predicate class action allegations, as follows.

**NATURE OF THE CASE**

1. The substance of paragraph 1 of the Amended Complaint is an introductory paragraph

and therefore no response is required, but to the extent any response would be required,

Defendant denies any conduct that is either tortious or not within exceptions under the

federal Telephone Consumer Protection Act, as amended (47 U.S.C. §227 et. seq.), that Plaintiff suffered harm, and all such facts, legal standing and statutory predicate are further denied.  Any other allegations or inferences within paragraph 1 are herein denied

## JURISDICTION & VENUE

2. As to the allegations contained in Paragraph 2 of the Amended Complaint, the paragraph is substantively restating legal and factual conclusions yet to be demonstrated proof as to jurisdiction and applicability of the Class Action Fairness Act of 2005 ("CAFA"), thus the allegations of paragraph 2 are generally denied however Defendant specifically denies harm to Plaintiff and the legal standing under 47 U.S.C. §227(b) in combination with 28 U.S.C. §1331 and § 1332(d)(2).

3.  As to the allegations contained in Paragraph 3 of the Amended Complaint, Defendant admits in part that it is a Florida company domiciled in Florida, however, Defendant is without knowledge as to the Plaintiff and any other allegations or inferences within paragraph 3 are herein denied and Defendant demands strict proof thereof.

## PARTIES

4. As to the allegations contained in Paragraph 4 of the Amended Complaint, Defendant believes that the allegations of paragraph 4 of the Complaint likely are accurate, but lacks knowledge or information sufficient to confirm the truth of such allegations, and therefore the allegations are denied.

5. As to the allegations contained in Paragraph 4 of the Amended Complaint, Defendant admits in part that it resides in and operates as a common carrier from Broward County,

Florida, but denies any conduct that is either tortious or not within exceptions under the federal Telephone Consumer Protection Act, as amended (47 U.S.C. §227 <u>et. seq</u>.).

6.  The allegations of paragraph 6 are denied and Defendant demands strict proof thereof.

7.  The allegations of paragraph 7 are denied and Defendant demands strict proof thereof.

## **FACTUAL ALLEGATIONS**

8.  The allegations of paragraph 8 are denied and Defendant demands strict proof thereof.

9.  The allegations of paragraph 9 are denied and Defendant demands strict proof thereof.

10. As to the allegations contained in Paragraph 10 of the Amended Complaint, Defendant denies ever having subscription, custody or control of telephone numbers (818) 665-3741, or (702) 475-5562 as alleged as fact by Plaintiff, but admits in part that it subscribes to a telephone landline of (954) 687-0209. As the allegation contained in Paragraph 10 of the Amended Complaint is compound, Defendant further denies contacting or attempting to contact Plaintiff without Plaintiff's prior express consent to receive calls as any calls made in the relevant time period were responses to requests for information, verified by Plaintiff's email, IP address, contact number and information supplied by the Plaintiff and when Defendant responded to the request for information, Plaintiff directed Defendant to be called his number that is now germane to the present cause of action before the Court.

11. The allegations of paragraph 11 are denied, and Defendant demands strict proof thereof, as any calls to Plaintiff by Defendant made were in response to Plaintiff's request for information and information supplied by Plaintiff and upon contact Plaintiff directed

Defendant to be called his number that is now germane to the present cause of action before the Court.

12. The allegations of paragraph 12 are denied and Defendant demands strict proof thereof.

13. The allegations of paragraph 13 are denied and Defendant demands strict proof thereof.

14. The allegations of paragraph 14 are denied and Defendant demands strict proof thereof.

15. The allegations of paragraph 15 are denied and Defendant demands strict proof thereof.

16. The allegations of paragraph 16 are denied and Defendant demands strict proof thereof.

17. The allegations of paragraph 17 are denied and Defendant demands strict proof thereof.

18. The allegations of paragraph 18 are denied as the information Plaintiff predicates his pleading on a belief that is in error in that Plaintiff and Defendant had only one-time contact due to a request for information by the Plaintiff, and Defendant therefore demands strict proof of the allegations of paragraph 18.

## CLASS ALLEGATIONS

19.  The substance of paragraph 19 of the Amended Complaint is an introductory paragraph and therefore no response is required, but to the extent any response would be required, any other allegations or inferences within paragraph 19 are herein denied.

20. The allegations of paragraph 20 are denied as the Defendant informed the Plaintiff that it did not own, use or control an ATDS via email on the day of their one-time contact due to a request for information by the Plaintiff.

21. The allegations of paragraph 21 are denied in that Plaintiff gave Defendant verbal prior express consent to be contacted at the telephone number germane to this cause of action, and Defendant called that telephone number immediately after being given such

expressed consent, allegations of a National Do-Not-Call violation that harmed Plaintiff or that Plaintiff is an adequate representative for the purposes alleged.  Defendant further and specifically denies Typicality pursuant to Fed. R. Civ. Pro 23 in the case at bar because of Plaintiff's unique one-time contact with the Defendant, and specifically the verbal consent given by Plaintiff.  Defendant contends that the class formation allegations of paragraph 21 should prudently be entertained only after the grant of Summary Judgment, should Plaintiff prevail.  Any other allegations or inferences within paragraph 21 are herein denied.

22. The allegations of paragraph 22 are denied and Defendant demands strict proof thereof.

23. The allegations of paragraph 23 are denied and Defendant demands strict proof thereof.

24. The allegations of paragraph 24 are denied and Defendant demands strict proof thereof.

25. The allegations of paragraph 25 are denied and Defendant demands strict proof thereof.

26. The allegations of paragraph 26 are denied and Defendant demands strict proof thereof.

27. The allegations of paragraph 27, including subparts (a) through (c), are denied in their entirety and Defendant demands strict proof thereof.

28. The allegations of paragraph 28 are denied and Defendant demands strict proof thereof.

29. The allegations of paragraph 29 are denied and Defendant demands strict proof thereof.

30. The allegations of paragraph 30, including subparts (a) through (d), are denied in their entirety and Defendant demands strict proof thereof.

31. The allegations of paragraph 31 are denied and Defendant demands strict proof thereof.

32. The allegations of paragraph 32 are denied and Defendant demands strict proof thereof.

33. The allegations of paragraph 33 are denied and Defendant demands strict proof thereof.

34. The allegations of paragraph 34 are denied and Defendant demands strict proof thereof.

35. The allegations of paragraph 35 are denied and Defendant demands strict proof thereof.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 (b).
### On Behalf of the ATDS Class

36. Defendant reaffirms anew Answers previously provided above to paragraphs 1 through 35 of the Amended Complaint.

37. Paragraph 37 is a constitutes legal argument and/or legal assertion proffered together with selective reference of 47 U.S.C. § 227(b) and 47 U.S.C. § 227(b)(1)(A)(iii), thus Defendant denies the allegations of paragraph 37 of the Amended Complaint and demands strict proof of any allegations or inferences.

38. The allegations of paragraph 38 are denied and Defendant demands strict proof of harm to representative Plaintiff pursuant to 47 U.S.C. § 227(b) and/or 47 U.S.C. § 227(b)(3)(B) to qualify the ADTS Class.

39. The allegations of paragraph 39 are denied and Defendant demands strict proof thereof.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(b)
### On Behalf of the ATDS Class

40. Defendant reaffirms anew Answers previously provided above to paragraphs 1 through 35 of the Amended Complaint.

41. The allegations of paragraph 41 are denied and Defendant demands strict proof thereof.

42. The allegations of paragraph 42 are denied and Defendant demands strict proof thereof.

43. The allegations of paragraph 43 are denied and Defendant demands strict proof thereof.

### THIRD CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)
### On Behalf of the DNC Class

44.  Defendant reaffirms anew Answers previously provided above to paragraphs 1 through

35 of the Amended Complaint.

45. The allegations of paragraph 45 are denied and Defendant demands strict proof thereof.

46. The allegations of paragraph 46 are denied and Defendant demands strict proof thereof.

47. The allegations of paragraph 47 are denied and Defendant demands strict proof thereof.

### FOURTH CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et. seq.
### On Behalf of the DNC Class

48. Defendant reaffirms anew Answers previously provided above to paragraphs 1 through

35 of the Amended Complaint.

49. The allegations of paragraph 49 are denied and Defendant demands strict proof thereof.

50.  The allegations of paragraph 50 are denied and Defendant demands strict proof thereof.

51. The allegations of paragraph 51 are denied and Defendant demands strict proof thereof.

### PARAGRAPH 52 - ERRTATTA

The substance of paragraph 52 of the Amended Complaint appears to be a numbered paragraph in the prayer for relief of the Plaintiff, and has been taken as a Scribner's error, to the extent any response would be required, Defendant therefore denies any allegation or inference that may be premised on the numbered paragraph.

## **AFFIRMATIVE DEFENSES**

### **AS TO COUNT(S) I and II – VIOLATION OF 47 U.S.C § 227(b)**

### **FIRST AFFIRMATIVE DEFENSE: AVOIDANCE AND EXCEPTION TO STATUTE (as to Counts I and II)**

1. Defendant avoids liability for damages under the Federal Telephone Consumer Protection Act (TCPA) for any calls received by Representative Plaintiff from Defendant, and any Class premised thereon, by and through exceptions and safe harbor exemptions afforded by the Federal Communications Commission (FCC) in interpreting the implementation of the TCPA and judicial holdings of such FCC interpretations in accord with statutory and constitutional construction by the Courts.

2. More particularly, Defendant made a call wherein it reasonable relied on:

   A. The fact that at no time material did Defendant use an ADTS to contact Plaintiff at the number alleged in the Amended Complaint;

   B. The fact that the call made was not unsolicited;

   C. The fact that Defendant called in response to Plaintiff's request for information, a call to action, that was made by Plaintiff online for the purpose of obtaining information on loans and short-term financing for businesses. On said request for information, Plaintiff listed email, contact telephone number, business name and other information to obtain information regarding his request, and request captured time, date and IP address of Plaintiff's request. Prior to Plaintiff was

contacted by Defendant to verify Plaintiff's contact information and type of information Plaintiff desired.

D.  The fact that at first contact between Plaintiff and Defendant, Plaintiff directed Defendant to contact him at another number, thereby giving expressed consent to be reached at that number, and Defendant immediately followed Plaintiff's directions as evidenced by Call Detail Records (CDRs) of Plaintiff, Defendant and their respective telecommunication carriers.

E.  The fact that Plaintiff, in directing the Defendant to contact him at another number, gave expressed consent to be contacted at the number which avoids liability under 47 U.S.C. § 227(b) and 47 U.S.C. § 227(b)(1)(A)(iii).

F.  The fact that Plaintiff, in directing the Defendant to contact him at another number, never revoked his expressed consent to be contacted at the number which avoids liability under 47 U.S.C. § 227(b) and 47 U.S.C. § 227(b)(1)(A)(iii).

G.  The fact that Defendant did not use, control or own an ATDS in making contact with Plaintiff which avoids liability under 47 U.S.C. § 227(b) and/or 47 U.S.C. § 227(b)(3)(B).

H.  The fact that Defendant advised the Plaintiff verbally and in writing (via email) confirmed that they were connected originally by a live operator and later by a direct phone call as a result of Plaintiff, in directing the Defendant to contact him at another number.

3. The Federal Communications Commission has recognized such scenarios occurring under the TCPA and affords safe harbor exemptions for callers who make calls in reasonable reliance of a lawfully obtained expressed consent by a consenting party.

4. Failure to establish that Defendant used "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers," lacks an essential element of a claim under 47 U.S.C. § 227(b)  and Defendant avoids liability under 47 U.S.C. § 227(b) when no such equipment is used to place a call, particularly a call directed by the Plaintiff to another subscriber number or controlled, directly or indirectly, by the Plaintiff.

## RELIEF SOUGHT

**WHEREFORE**, Defendant prays that the Court enters an order of judgment wherein the Plaintiff takes nothing, and which is congruent with prevailing exceptions of the TCPA, and that pays Defendant's costs, including attorney fees relevant to this claim, or any relief it deems necessary, as a part of such order.

## SECOND AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER 47 U.S.C § 227(b).
### (as to Counts I and II)

1. The Amended Complaint fails to state a factual and legal claim for violation of 47 U.S.C. § 227(b) upon which relief can be granted.

2. More particularly, Plaintiff fails to reasonable demonstrate and prove that Defendant used or controlled an ADTS as defined under the TCPA in rendering the call germane to the Plaintiff's claim.

3.   Plaintiff fails to reasonable demonstrate and prove that  Defendant used or controlled an ADTS in making the call germane to the Plaintiff's claim  and this is an essential factual and legal element of a cause of action under 47 U.S.C. § 227(b).

4.   Count I fails to allege a proper claim for damages under 47 U.S.C. § 227(b).

## RELIEF SOUGHT

**WHEREFORE**, Defendant prays that the Court enters an order of judgment wherein the Plaintiff takes nothing for failure to state a proper cause of action under prevailing law and pays Defendant's costs, including attorney fees relevant to this claim, or any relief it deems necessary, as a part of such order.

## THIRD AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM FOR KNOWING AND/OR WILLFUL VIOLATION OF 47 U.S.C § 227(c). (as to Count III and VI)

1.   The Amended Complaint fails to state a claim for knowing and/or willful violation of 47 U.S.C. § 227(c) upon which relief can be granted.

2.   As a result of the verbal expressed consent given by Plaintiff to Defendant to reach him at his mobile telephone number instead of the number Plaintiff listed on his contact form and at which he was initially contacted, Plaintiff fails to demonstrate and prove that he has been harmed or suffered damages as a result of being contacted by Defendant at that number.

3.   When by Plaintiff directed Defendant to reach him at his mobile telephone number, instead of the number Plaintiff listed on his contact form and at which he was initially contacted, Plaintiff's specific expressed consent forfeited any claim for negligence or

intentional violation of the federal DNC Act by Defendant as it relied on the consent
Plaintiff gave.

**4.**      Plaintiff furthermore fails to demonstrate either harm or violation under 47 U.S.C. §
227(c) as a predicate to Counts III and IV.

## RELIEF SOUGHT

**WHEREFORE**, Defendant prays that the Court enters an order of judgment wherein the
Plaintiff takes nothing for failure to state a proper cause of action for knowingly and/or willfully
violation 47 U.S.C. § 227 (c) under prevailing law and pays Defendant's costs, including
attorney fees relevant to this claim, or any relief it deems necessary, as a part of such order.

## RESERVATION OF RIGHTS

Defendant reserves the right to plead any and all additional Affirmative Defenses that become
known to them during the course of discovery in this case.

**WHEREFORE**, having fully answered the Plaintiff's Complaint, Defendant demands judgment on its behalf, trial by jury on all issues deemed triable, and an award of Defendant's reasonable attorney's fees and costs for defending this action, and any other costs that the Court may deem just and proper.

**Respectfully Submitted,**                      **Date**: Monday, December 10, 2018
**On Behalf of Defendant**
**Mission Capital, LLC**

Law Offices of Edward A. Maldonado, P.A.
**MALDONADO LAW**                      By:___/s/_Edward_A. Maldonado /s/___
2850 Douglas Road. Suite 303                Edward A. Maldonado, Esq.
Coral Gables, Florida 33134                 Florida Bar No. 0129781
Telephone: (305) 477-7580 ex 214            Attorney for Defendants
Facsimile: (305) 477-7504
E-mail: eam@maldonado-group.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this December 10, 2018, a true and correct copy of the

above foregoing Answer and Affirmative Defenses by the Defendants was served via electronic

mail on the following:

> **COUNSEL OF RECORD FOR PLAINTIFF**:
> Mr. Raymond R. Dieppa, Esq.
> FLORIDA LEGAL, LLC
> 261 N.E. 1st Street, Suite 502
> Miami, FL 33132
> Tel: (305) 901-2209
> Email: Ray.dieppa@floridalegal.law

**Respectfully Submitted,**                                  **Date**: Monday, December 10, 2018
**On Behalf of Defendant**
**Mission Capital, LLC**

Law Offices of Edward A. Maldonado, P.A.
**MALDONADO LAW**                              By:   /s/  Edward   A. Maldonado /s/
2850 Douglas Road. Suite 303                   Edward A. Maldonado, Esq.
Coral Gables, Florida 33134                    Florida Bar No. 0129781
Telephone: (305) 477-7580 ex 214               Attorney for Defendants
Facsimile: (305) 477-7504
E-mail: eam@maldonado-group.com